## SELF v. WHITTLER. (No. 7100.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 20, 1924.)

1. **Livery stable and garage keepers ⬦⟜6—Evidence held to sustain judgment for plaintiff.**

Evidence *held* to sustain a judgment for plaintiff in an action for labor and parts furnished in repairing an automobile.

2. **Appeal and error ⬦⟜1011(1)—Court's finding on conflicting evidence not disturbed.**

The court's finding on conflicting evidence not clearly wrong or against the manifest weight of the evidence will not be set aside.

Error from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by Eddie Whittler against N. W. Self. Judgment for plaintiff, and defendant brings error. Affirmed.

T. H. Ridgeway, of San Antonio, for plaintiff in error.

Newton & Woods, of San Antonio, for defendant in error.

FLY, C. J. Defendant in error instituted suit on an open account for $198.20, and to foreclose a mechanic's lien on a certain Cole automobile owned by plaintiff in error, the account being for labor and parts furnished in repairing said car. The defense was that defendant in error had promised to repair the car for $25 or $30, and that it had not been repaired, but was in bad condition when delivered to plaintiff in error. The cause was heard by the court, without a jury, and judgment rendered against plaintiff in error for $194, and a foreclosure of the mechanic's lien on the automobile, and against plaintiff in error and his sureties on a replevy bond given by them when the automobile was sequestrated.

[1] Defendant in error and his employé, R. E. McCullough, swore to facts that substantiated every material allegation, and, if their testimony is true, fully justified the judgment. Their testimony shows that the automobile was placed with defendant in error to be repaired, and the instructions were to spare no expense in putting the automobile in perfect order; that it was in very bad condition; that plaintiff in error desired the job to be rushed, and three men labored on the car for about a week, even working at night, with plaintiff in error, at times, sitting by and watching the work; that before it was completely finished plaintiff in error got the car under a promise to return it next day. He did not return it, but promised, from time to time, to pay the bill and stated that the car was in better condition than it had ever been before, and made no complaints as to the condition of the car or the size of the bill. He did not pay the bill. He stated that he expected the bill to be more than it was. Defendant in error and his witness testified to the reasonableness of the account, and the perfect condition of the automobile when it passed into the possession of plaintiff in error.

Of course, most of the testimony of defendant in error was contradicted by plaintiff in error. who was the only witness for plaintiff in error, who knew anything about the contract and the matters directly concerning the repair of the car. Other witnesses swore as to the condition of the car after it had been run and when it was shown to them by plaintiff in error. The trial judge credited the evidence offered by defendant in error, as he had the right to do. The witnesses were before him, and he was in a position to weigh their evidence and judge of their credibility. As said by Judge Lipscomb in Cunningham v. State, 5 Tex. 440, after laying down the proposition that one positive witness, unimpeached, is worth more than half a dozen who are not certain as to a given fact:

"Had the testimony been positive on both sides, the verdict ought not to be disturbed, no matter to which side they may have accorded belief."

[2] The rule is the same when the cause is tried by the judge as when tried by a jury, and as stated by Judge Richard Coke, in Willis v. Lewis, 28 Tex. 185:

"It is the peculiar and legitimate province of the jury, where the evidence is contradictory, and a verdict must be found on the conflicting

statements of witnesses, to decide on the weight and credibility of the testimony; and, on principles long established and repeatedly acted on in this court, their verdict will not be disturbed under such circumstances. And, under any circumstances, a verdict must appear to be clearly wrong to induce this court to set it aside."

This rule has never been varied in Texas. Of course, if a complaining party makes it appear that the verdict or judgment is clearly wrong, and that it is manifestly against the whole weight of the evidence, it is the duty of the appellate court to set it aside. No such case is presented by the record, but there is ample testimony to sustain the judgment.

Plaintiff in error seems to labor under the impression that he should prevail, because he had more witnesses than defendant in error, but no such rule of evidence prevails, for the testimony of one witness might well be taken under certain circumstances in preference to the testimony of a score of other witnesses. Quality, not quantity, measures the credibility to be extended to witnesses. In this case, however, there was only one witness, plaintiff in error, who directly contradicted defendant in error and his employé. The other witnesses testified only to the condition of the car as shown them by plaintiff in error. The most of it was in connection with leaking oil, which condition one of the witnesses swore could have been produced by plaintiff in error with an oil squirt can.

The judgment is affirmed.